The Honorable Karen A. Overstreet
Chapter 7
Hearing Date: 12/07/2007
Hearing Time: 9:30am
Location: Seattle
Response Date: 11/30/2007

## UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF WASHINGTON
#### at Seattle

| | |
|---|---|
| In re:<br><br>Robert Allen Wean, Jr<br><br>        Debtor. | Case No.: 07-14143-KAO<br><br>Chapter 7<br><br>**MOTION FOR RELIEF FROM STAY and NOTICE OF HEARING** |

### NOTICE OF HEARING

PLEASE TAKE NOTICE that Washington Mutual Bank, FA's motion relief from the Automatic Stay is set for hearing as follows:

| | |
|---|---|
| Judge: Karen A. Overstreet | Time: 9:30AM |
| Place: Seattle | Date: 12/07/2007 |

IF YOU OPPOSE the Motion, you must file and serve your response NO LATER THAN THE RESPONSE DATE which is **11/30/2007** (7 days prior to the hearing). IF NO RESPONSE IS TIMELY FILED AND SERVED, the Court may, in its discretion, GRANT THE MOTION PRIOR TO THE HEARING WITHOUT FURTHER NOTICE, and strike the hearing.

### MOTION FOR RELIEF

Washington Mutual Bank, FA ("Secured Creditor"), moves this court for an Order Terminating the Automatic Stay pursuant to 11 USC §362(d)(1) and (2). In support of the Motion, Secured Creditor alleges:

Motion for Relief from Stay - 1
MH# 07-15245

McCarthy & Holthus, LLP
600 Winslow Way East #234
Bainbridge Island WA 98110
206-749-0260

1. **Property Description.**   Real property located at 10052 Northeast 142ND Place, Bothell, WA 98011 (the "Property") with a legal description as described in the attached Deed of Trust.

2. **Date Bankruptcy Filed.**  08/31/2007.

3. **Date Debt Was Incurred.**  06/15/2006.

4. **Nature of Security Interest Or Lien.**  A Note and  ☒ Deed of Trust /  ☐ Mortgage recorded in King County, Washington.  **See Exhibits.**

5. **Fair Market Value of Property.**  $552,000.00, as set forth in Debtor's Schedules A & D.  Based upon Secured Creditor's experience, it is expected that the cost of sale of the Property will be at least eight to ten percent of the value of the Property.

6. **Other Liens or Encumbrances:**

   ☐ None.  ☒ The Property is further encumbered by:  A First deed of Trust in favor of Homecomings Financial, in the approximate amount of $541,415.78.  **See Schedule D.**

7. **Security Interest Or Liens Having Priority Over Secured Creditor.**

   ☒ None. ☐ Explain:

8. **Present Balance Owing Secured Creditor.**  Debtors have defaulted in payments under the Note and Deed of Trust, as set forth below.  In addition, interest and other fees may have accrued under the terms of the Deed of Trust, and may be obtained upon request for reinstatement:

Motion for Relief from Stay - 2
MH# 07-15245

McCarthy & Holthus, LLP
600 Winslow Way East #234
Bainbridge Island WA 98110
206-749-0260

Case 07-14143-KAO    Doc 22    Filed 11/08/07    Ent. 11/08/07 17:52:27    Pg. 2 of 5

Unpaid Principal Balance:                                    $        65,652.14

POST-PETITION DELINQUENCIES:
Monthly Payments:          3   at  $    631.03      $         1,893.09
Late Charges:              2   at  $     31.55      $            63.10
Total Post-Petition Delinquent Payments:           $         1,956.19

Total Payments Due to Movant:                      $        67,608.33


9.  **Other Facts Relevant For Determination Of Granting Relief.**

☒ Debtor has failed to make post-petition loan payments.

☒ Debtor does not have the ability to continue to make payments during the pendency of the bankruptcy case. Therefore, Secured Creditor is not adequately protected.

☒ The continuation of the automatic stay will cause irreparable harm to Secured Creditor and will deprive Secured Creditor of adequate protection to which it is entitled under 11 U.S.C. §362 and §363.

☒ Debtor has insufficient equity to protect Secured Creditor's interest during the bankruptcy proceeding.

☐ Debtor has failed to make their Chapter 13 plan payments to the Trustee. The Trustee's ledger shows that the Debtors are $__delinquent in their Plan payments.

☐ The Property is not necessary for an effective reorganization.

☐ Debtor has failed to maintain insurance on the Property.

☐ Debtor intends to surrender the Property.

☐ Debtor has filed multiple bankruptcies and the stay has not been extended.

☐ Debtor has filed multiple bankruptcies in a bad faith attempt to prevent Secured Creditor from foreclosing on the Property.

☐ Other:

10. **Foreclosure Status.**

☒ No foreclosure sale date had been set prior to the bankruptcy filing

☐ A foreclosure had commenced, with an original sale date of **_____**, and

Motion for Relief from Stay - 3
MH# 07-15245

McCarthy & Holthus, LLP
600 Winslow Way East #234
Bainbridge Island WA 98110
206-749-0260

☐ The sale has not been canceled, and stay relief would allow the sale to occur as scheduled or as continued by the trustee

☐ The initial sale date has been canceled and requires a 45 day notice period (R.C.W. 61.24.130(4))

☐ More than 120 days since the initial sale date has elapsed and the foreclosure must re-commence (R.C.W. 61.24.040(6))

WHEREFORE, Secured Creditor requests:

1. An Order Terminating the Automatic Stay, pursuant to 11 U.S.C. § 362(d), permitting Secured Creditor to proceed with foreclosure proceedings under its Deed of Trust, to sell the Property under the terms of the Deed of Trust free and clear of claims of the bankruptcy estate, and to take any necessary action to obtain possession of the Property.

2. Secured Creditor further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. Secured Creditor may contact Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

3. An Order waiving the 10-day stay described by Bankruptcy Rule 4001(a)(3).

4. Alternatively, for an Order modifying the automatic stay to protect Secured Creditor's interest.

5. For attorney fees and costs incurred herein.

6. For such other relief as the Court deems proper.

Dated: November 8, 2007

/s/ Matthew Cleverley
Matthew Cleverley, WSBA #32055
Susan Chang, Esq., WSBA #35971
Attorneys for WASHINGTON MUTUAL
BANK, FA

Motion for Relief from Stay - 4
MH# 07-15245

McCarthy & Holthus, LLP
600 Winslow Way East #234
Bainbridge Island WA 98110
206-749-0260

Case 07-14143-KAO    Doc 22    Filed 11/08/07    Ent. 11/08/07 17:52:27    Pg. 4 of 5

**CERTIFICATE OF SERVICE**

On November 8, 2007, I served the foregoing **MOTION FOR RELIEF FROM STAY** on the following individuals by electronic means through the Court's ECF program:

COUNSEL FOR DEBTOR
Darrel B. Carter
Darrel@cbglaw.com

TRUSTEE
Ronald G. Brown
rgblaw@nwlink.com

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Oana Greceanu
Oana Greceanu

On November 8, 2007, I served the foregoing **MOTION FOR RELIEF FROM STAY** on the following individuals by depositing true copies thereof in the United States mail, enclosed in a sealed envelope, with postage paid, addressed as follows:

DEBTOR(S)
Robert Allen Wean, Jr
10052 NE 142nd Pl
Bothell, WA 98011

SPECIAL NOTICE                          SPECIAL NOTICE
Mortgage Electronic Registration Systems Inc
Daniel L Hembree                        Household Bank (SB) N.A.
525 E Main St, PO Box 12289             Bass & Associates, P.C.
El Cajon, CA 92022                      3936 E. Ft. Lowell Rd., Ste. 200,
                                        Tucson, AZ 85712

Homecomings Financial, LLC
Daniel L Hembree
525 E Main St, PO Box 12289

El Cajon, CA 92022-2289

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s / Rebekah McKillip
Rebekah McKillip

McCarthy & Holthus, LLP
600 Winslow Way East #234
Bainbridge Island WA 98110
206-749-0260